## UNITED STATES v. BARRY PATE MOTOR CO.

### No. 5745.

Court of Appeals of the District of Columbia.
Argued Dec. 6, 1932.
Decided Jan. 16, 1933.

Leo A. Rover and Rebekah S. Greathouse, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

It appears in this case that on December 23, 1931, one Eugene Goodall was arrested in the District of Columbia charged with the unlawful transportation of intoxicating liquors in a certain automobile. He pleaded guilty in the criminal court, and was duly sentenced. At the same time the court held that the automobile was subject to forfeiture to the United States, and ordered that it be disposed of according to law. National Prohibition Act, tit. 2, § 26 (27 USCA § 40).

Thereupon the Barry Pate Motor Company, a corporation engaged in selling automobiles, appeared as intervener and filed a petition claiming the return of the automobile by virtue of a certain conditional sales contract. The petitioner alleged that its claim was bona fide and was created without any notice to it that the automobile was being used, or was to be used, for the illegal transportation of liquor. In its petition the intervener claimed that the automobile had been sold by it to one Abram F. Lee under a conditional sales contract, and that prior to parting with the possession of the automobile petitioner made an investigation of the purchaser and was satisfied that he was a law-abiding citizen engaged in a legitimate occupation and no other, and that he would not use or cause the automobile to be used to violate the law, and petitioner exhibited a report of the investigation conducted for it by Stone's Mercantile Agency upon which it relied as proof of these facts, and prayed that it be read as a part of its petition. That the violation for which the automobile was seized was chargeable to one Eugene Goodall, a person unknown to the petitioner and in no way a party to the conditional sale contract, said Goodall being charged in the cause with the offense of transportation and possession of intoxicating liquor in the automobile; but petitioner averred that such transportation, if true as alleged, was without the knowledge, consent, acquiescence, or connivance of petitioner. Petitioner alleged that the sum of $195 remained due to it from the purchase under the conditional sales contract, and prayed that such sum be paid to it from the proceeds of the sale of the automobile in case such sale was made by order of the court.

The United States filed an answer to the petition in which among other things it denied that the automobile was used for the transportation and possession of intoxicating liquor without the acquiescence of petitioner, and neither admitted nor denied that the interest of the petitioner in the automobile was bona fide and was created or acquired by the petitioner without any notice, information, or cause to believe that it was to be used, or was used, for the transportation of liquor lawfully or otherwise, and demanded strict proof thereof.

The petitioner thereupon prayed that the foregoing answer to its petition be struck out for insufficiency. This motion was granted by the court, whereupon the United States elected to stand upon its answer, and a decree for the petitioner was duly entered. The present appeal is brought to challenge the legality of these rulings.

We are of the opinion that the lower court

erred in striking out the answer filed by the government, and entering a decree accordingly. The answer raised a direct issue with the allegations of the petition; it being claimed upon the one side that the petitioner was without knowledge or notice that the automobile was to be put to any unlawful use, and that if it was put to any unlawful use such use was without its acquiescence. The United States upon the other hand by its answer denied some of these allegations, and demanded strict proof as to others. Thus an issue was raised which should have been tried upon the evidence. The court failed to do this.

The decree below is therefore reversed, and the cause is remanded to the lower court for further proceedings not inconsistent herewith.